THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. SAM KIMBROUGH, Petitioner-Appellant.

First District (5th Division)   No. 86—2416

Opinion filed December 30, 1988.

Steven Clark and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Laura Freeman, Inge Fryklund, Carol L. Gaines, and Janet C. Mahoney, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Petitioner, Sam Kimbrough, appeals the denial of his petition for post-conviction relief pursuant to the Post-Conviction Hearing Act (Act) as unmeritorious. Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1.

We reverse and remand.

Following a jury trial, petitioner was convicted of rape, aggravated kidnapping, and unlawful restraint. (Ill. Rev. Stat. 1981, ch. 38, pars. 11—1, 10—2(a)(3), 10—3.) A sentencing hearing was held on January 14, 1982, at which time petitioner's unlawful restraint conviction was merged into the conviction for aggravated kidnapping. Petitioner was then sentenced to two concurrent terms of 20 years' imprisonment. On March 11, 1983, petitioner's convictions were affirmed in an order entered pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23). 112 Ill. App. 3d 1161 (unpublished Rule 23 order).

On March 22, 1986, petitioner filed his petition for post-conviction relief. The petition contained the following bases for relief: that introduction of a police officer's testimony that, after being admonished of his right to remain silent, petitioner refused to speak with interrogating officers, was improper; that petitioner's due process rights were violated by a courtroom identification which was based on a suggestive show up; and that petitioner received ineffective assistance of counsel for counsel's failure to raise that issue, as well as an issue related to the denial of counsel at a lineup.

On August 11, 1986, after hearing had before Judge Phillip Carey, the petition was dismissed.

This appeal followed.

OPINION

Petitioner raises four issues on appeal: (1) the circuit court erred in dismissing the petition without appointing counsel for petitioner as the petition, on its face, presented meritorious issues; (2) section

122—2.1 of the Post-Conviction Hearing Act is invalid because: (a) it infringes on the rulemaking authority of courts; (b) it denies indigent petitioners court access in violation of due process rights; (c) it violates petitioner's equal protection rights by denying appointment of counsel; and (d) it is inseverable from section 122—8 of the Act, which has been held unconstitutional by the Illinois Supreme Court; (3) because the circuit court failed to enter the order of dismissal within 30 days of the petition's filing and docketing, the court could no longer dismiss the petition as frivolous under section 122—2.1; and (4) petitioner is entitled to have the original trial judge review the petition.

■■ ■ Consideration of petitioner's challenges to the validity of section 122—2.1 has been obviated by the recent decision of *People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158, in which our supreme court, in considering identical challenges to those raised here, upheld section 122—2.1 as constitutionally valid and severable from section 122—8. (*Porter*, 122 Ill. 2d at 70-86, 521 N.E.2d at 1159-67.) The court also noted that because all post-conviction petitions are subject to dismissal regardless of whether petitioners are represented by counsel if the petitions are found to be unmeritorious (*Porter*, 122 Ill. 2d at 78, 521 N.E.2d at 1163), petitioner's contention that it was error to dismiss the petition without appointing counsel similarly cannot form a basis for reversal. Further, we need not consider the merits of whether this cause should be remanded for the circuit court's failure to enter its order of dismissal within 30 days of the petition's filing and docketing, as required in section 122—2.1(a), as the supreme court has ruled that such action is mandatory (*Porter*, 122 Ill. 2d at 85, 521 N.E.2d at 1166), and the State concedes remand is proper in this case.

■ We last address whether petitioner is entitled to have his petition heard by the judge who presided at his trial because section 122—8 of the Act, which required that a judge other than a petitioner's trial judge conduct the post-conviction hearing, was held unconstitutional in *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501.

Petitioner's argument is unpersuasive. The effect of the declared unconstitutionality of section 122—8 on subsequent proceedings has been previously considered. In *People v. Farmer* (1986), 148 Ill. App. 3d 723, 499 N.E.2d 710, the court clarified the holding in *Joseph*, stating:

> "The supreme court in *Joseph* did not hold that a post-conviction petition could never be assigned to a judge who was not involved in the original proceeding which resulted in a conviction. Nor did the *Joseph* court hold that all petitions must be

assigned to a judge who did preside over the original proceeding. The court merely held that a statute which infringed upon an area of judicial administration could not stand." *Farmer*, 148 Ill. App. 3d at 729, 499 N.E.2d at 714.

We agree with that reading of *Joseph* and conclude that the supreme court there neither found nor created a right for petitioners to have their petitions heard by their original trial judges.

For reasons stated, the cause is reversed and remanded to the circuit court for proceedings not inconsistent with this opinion.

Reversed and remanded.

PINCHAM and MURRAY, JJ., concur.